IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00237-BNB

ANDERSON MONTANO,

    Applicant,

v.

WARDEN STEVE HARTLEY, Fremont Correctional,
ARISTEDES ZAVARAS, Executive Director of Colorado Dept. of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO JOHN SUTHERS,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 20 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Anderson Montano, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. He initiated this action by submitting to the Court *pro se* a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, a motion for leave to amend the petition, and a prisoner's motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915.

In an order filed on February 5, 2009, Magistrate Boyd N. Boland ordered Mr. Montano to cure certain enumerated deficiencies in this case within thirty days. Specifically, Mr. Montano was directed to submit on the proper, Court-approved forms an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a

Habeas Corpus Action, as well as to submit a certified copy of his trust fund account statement.

On March 2, 2009, in response to the February 5, 2009, order to cure, Mr. Montano submitted an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. However, Mr. Montano failed within the time allowed to cure all the designated deficiencies as directed, i.e., he failed to submit a certified copy of his trust fund account statement for the six-month period immediately preceding this filing.

Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts requires a "certificate of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner's credit in any account in the institution." The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action also notes the requirement for a certified copy of an inmate's trust fund account statement. The February 5, 2009, order warned Mr. Montano that if he failed to cure the designated deficiencies within the time allowed, the application and the action would be dismissed without further notice. Accordingly, it is

ORDERED that the habeas corpus application is denied, and the action dismissed without prejudice for failure to cure. It is

FURTHER ORDERED leave to proceed pursuant to 28 U.S.C. § 1915 is denied as moot. It is

FURTHER ORDERED that the motion to amend the petition is denied as moot.

DATED at Denver, Colorado, this 20 day of March, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00237-BNB

Anderson Montano
Prisoner No. 122786
Fremont Corr. Facility
PO Box 999
Cañon City, CO 81215- 0999

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/20/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk