IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00237-ZLW

ANDERSON MONTANO,

      Applicant,

v.

WARDEN STEVE HARTLEY, Fremont Correctional,
ARISTEDES ZAVARAS, Executive Director of Colorado Dept. of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO JOHN SUTHERS,

      Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 8 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER DENYING MOTION TO RECONSIDER

---

      This matter is before the Court on the motion titled "Motion to Reconsider the Dismissal of Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254, Date of Order 3-20-09" submitted to and filed with the Court *pro se* on March 27, 2009, by Applicant, Anderson Montano.  Mr. Montano, a Colorado state prisoner, seeks reconsideration of the March 20, 2009, Order of Dismissal and the Judgment denying his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      The Court must construe the motion to reconsider liberally because Mr. Montano is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the motion to reconsider will be denied.

      The Court denied the application and dismissed the action because Mr. Montano failed, within the time allowed, to cure all the deficiencies designated in the February 5,

2009, order to cure.  The reasons for the dismissal are explained in detail in the March 20, 2009, dismissal order.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion.  *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988).  A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b).  *Van Skiver*, 952 F.2d at 1243.

Applicant filed the motion to reconsider within ten days of the final judgment in the instant action.  *See* Fed. R. Civ. P. 6(a).  Therefore, the motion to reconsider properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion to alter or amend that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e).  *See Van Skiver*, 952 F.2d at 1244.  Upon consideration of the motion to reconsider and the entire file, the Court finds and concludes that Mr. Montano fails to demonstrate some reason why the Court

should alter or amend the March 20, 2009, dismissal order and the judgment in this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Motion to Reconsider the Dismissal of Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254, Date of Order 3-20-09" submitted to and filed with the Court *pro se* on March 27, 2009, by Applicant, Anderson Montano, and which the Court has construed liberally as a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this 6 day of April , 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  09-cv-00237-ZLW

Anderson Montano
Prisoner No. 122786
Fremont Corr. Facility
PO Box 999
Cañon City, CO 81215- 0999

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/8/09

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk